**O**

# United States District Court
# Central District of California

| | |
|---|---|
| GABRIEL CORADINO NAVARRETE,<br><br>Plaintiff,<br><br>v.<br><br>THE SHERIFF'S DEPARTMENT OF THE CITY OF MONTEREY PARK, et al.,<br><br>Defendants. | Case No. 2:14-cv-01179-GAF(Ex)<br><br>**ORDER DENYING MOTION TO DISQUALIFY JUDGES GARY A. FEESS AND MARGARET M. MORROW [18]** |

## I.   INTRODUCTION

On June 4, 2014, Plaintiff Gabriel Coradino Navarrete filed his second Motion to Disqualify in this action.   Navarrete's incoherent Complaint was dismissed by Judge Gary A. Feess for lack of subject-matter jurisdiction.   After Judge Margaret M. Morrow denied Navarrete's subsequent motion to disqualify Judge Feess, Navarrette moved to disqualify her as well for allegedly assisting in the judicial system's plot to aid in the Defendants' persecution, harassment, and torture of Navarrete.   Because Navarrete has presented no evidence or other indication that any valid basis for recusal exists, the Court **DENIES** Navarrete's Request.  (ECF No. 18.)

/ / /

/ / /

## II.   FACTUAL BACKGROUND

On February 14, 2014, Navarrete filed this pro se action against Defendants Leroy David Baca, The Sheriff's Department of the City of Monterey Park, and the County of Los Angeles for "Illegal with no consent Implantation of an electronic transmitter opener of circuits of the GPS satellites and and computers in the physical body of the victim Gabriel Conradino Navarrete."  (Compl. at 1)   Defendants subsequently brought a Motion to Dismiss Navarrete's Complaint for failure to state a claim.  (ECF No. 7.)  The Motion was set before Magistrate Judge Charles F. Eick.  (*Id.*)

On April 24, 2014, Magistrate Judge Eick issued his Report and Recommendations.  (ECF No. 11.)  Magistrate Judge Eick found that "The Complaint consists of a rambling, largely incomprehensible narrative describing the alleged electronic monitoring and torture of Plaintiff by Sheriff Baca and others."  (*Id.*)  Magistrate Judge Eick reported that Navarrete's delusional allegations did not confer subject-matter jurisdiction and recommended that the Court (1) dismiss the Complaint without leave to amend, (2) dismiss the action without prejudice for lack of subject-matter jurisdiction, and (3) deny the Defendants' Motion as moot.  (*Id.*)

On May 12, 2014, Navarrete filed his Objection Brief in response to the Report and Recommendation, and moved to disqualify Judges Feess and Eick.  (ECF No. 13.)  The Motion to Disqualify was referred to Judge Morrow for determination.  (ECF No. 14.)   On May 13, 2014, Judge Morrow denied Navarrete's Motion.  (ECF No. 15.)  Judge Morrow found that Navarrete failed to identify any extrajudicial bias that warranted the disqualification of Judges Feess and Eick.  (*Id.*)

On May 20, 2014, Judge Feess adopted the recommendations of Magistrate Judge Eick and dismissed Navarrete's action without prejudice.  (ECF Nos. 16, 17.)

On June 4, 2014, Navarrete filed yet another Motion to Disqualify, this time not only seeking to disqualify Judges Feess and Eick, but Judge Morrow as well.  (ECF No. 18.)  On June 9, 2014, the Motion was referred to this Court.  (ECF No. 19.)

### III.   LEGAL STANDARD

The standard for disqualification of a federal judge is established by 28 U.S.C. §§ 144 and 455.  In giving Navarrete the benefit of the doubt as a pro se movant, the Court construes his request under both statutes.  Section 144 permits a party seeking disqualification to file an affidavit setting forth facts and reasons for his belief that the judge "has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  When determining the affidavit's legal sufficiency, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification."  *United States v. Zagari*, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976).  Further, the alleged bias must be from an extrajudicial source and "result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."  *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Under 28 U.S.C. § 455, a judge must disqualify herself in any proceeding in which one might reasonably question her impartiality.  28 U.S.C. § 455(a).  But the substantive standard for recusal under §§ 144 and 455 is the same: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997).

### IV.   DISCUSSION

Navarrete does not specifically address why he believes that the Court should recuse Judges Feess and Morrow under either §§ 144 or 455.  Rather, Navarrete makes wild accusations about the Judges' deliberate opposition to setting his "reproduced Human clones"—the sons and daughters of his "Human sperm cells" maintained in captivity by the Sheriff's Department—free.  (Mot. at 2.)  But in any event, the Court finds that neither section compels Judge Feess and Morrow's recusals.  The Court therefore denies Navarrete's Motion.

/ / /

**A.    28 U.S.C. § 144**

Section 144 requires the movant to file an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists."  § 144.  Navarrete has filed no such affidavit, thereby rendering his Motion procedurally defective.  That failure is alone enough to deny his recusal Motion.

But even if Navarrete had properly filed an affidavit, he has not demonstrated that Judges Feess or Morrow exhibited any "personal bias or prejudice either against him or in favor any adverse party."  *See* § 144.  Rather, Navarrete only alleges that the judges are "intentionally ignoring that the victim [Navarrete] is accusing 'Judicial System' of the Los Angeles county . . . of protecting a criminal subject named Leroy David Baca . . . ."  (Mot. at 2.)

The Motion is rambling and incomprehensible, but the allegations that the Court is able to understand are—as Magistrate Judge Eick pointed out—"frivolous, delusional, and fanciful."  (ECF No. 12.)  Liberally construing Navarrete's rants as allegations of personal bias, the issue Navarette takes with Judges Feess and Morrow is based on their rulings adverse to him—not on any extrajudicial source of bias.  This is insufficient.  *Litkey v. United States*, 510 U.S. 540, 555 (1994) ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.); *Clemens v. U.S. Dist. Ct. for the C.D. of Cal.*, 428 F.3d 1175, 1178-79 (9th Cir. 2005).

Judge Feess was fully authorized to dismiss Navarrete's frivolous Complaint for lack of subject-matter jurisdiction.  He therefore acted within his authority—and not as a result of any personal bias or prejudice—when he dismissed the Complaint without leave to amend and dismissed the action without prejudice.  Judge Morrow fully considered Navarrete's disjointed and often unintelligible Motion to Disqualify Judge Feess and came to the only appropriate conclusion: Navarrette did not identify any extrajudicial bias or interest that precluded Judges Feess and Eick from handling

this case.  No reasonable person knowing of the Federal Rules of Civil Procedure and this case's exacting circumstances would reasonably question the impartiality of Judges Feess, Eick, and Morrow.

**B.    28 U.S.C. § 455**

Section 455 governs mandatory self-recusal.  It largely overlaps with § 144. Navarrete likewise has not presented any evidence that Judges Feess or Morrow failed to recuse themselves based on any of the factors enumerated in § 455.  There is no indication that Judges Feess and Morrow have any financial interest, bias, or prejudice concerning any party to this action.  § 455(a), (b).

As discussed above, no reasonable person could reasonably question the impartiality of Judges Feess, Eick, and Morrow considering this case's particular circumstances.  Rather, Judge Feess's Order dismissing Navarrete's case and Judge Morrow's Order denying Navarrete's Motion to Disqualify reflect strict application of the relevant law to the facts of Navarrete's case.

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Navarrete's Motion to Disqualify Judges Feess and Morrow.  (ECF No. 18.)

**IT IS SO ORDERED.**


June 10, 2014

_____
      **OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**